IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD EDWARDS, | : | |
| *Plaintiff* | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| JAMES BANPFIELD, | : | No. 22-2062 |
| *Defendant* | : | |

## MEMORANDUM

PRATTER, J.                                                                    APRIL ⫸, 2023

Gerald Edwards filed a *pro se* complaint against James Bampfield,[1] a code enforcement

official, for conducting a search of Mr. Edward's property and posting a notice to his door relating

to a fire on the property. Mr. Bampfield filed a motion to dismiss the complaint pursuant to Federal

Rule of Civil Procedure 12(b)(6). For the reasons that follow, the Court will grant Mr. Bampfield's

motion to dismiss.

### BACKGROUND

Mr. Edwards's suit arises from a fire on his property in Langhorne, Pennsylvania, on April

17, 2022. Mr. Bampfield is a code enforcement official for the Fire Marshal's Office. On April 18,

Mr. Bampfield went to Mr. Edwards's property and taped a notice to his door regarding the fire.

The note was intended to inform Mr. Edwards that there was a complaint about the open fire on

his property and that the Fire Marshal's Office would issue a citation if the burning did not cease

immediately. Mr. Edwards alleges that code enforcement officials, including Mr. Bampfield, are

trying to extort money from him and that the fire on his property and the notice taped to his door

were used to intimidate, or retaliate against, him.

---

[1]     Because the motion to dismiss notes that James Bampfield is the proper name for the defendant,
the Court uses that spelling throughout this memorandum.

1

Mr. Edwards filed a complaint against Mr. Bampfield alleging violations of 18 U.S.C. §§ 241 and 242. Mr. Edwards also filed an Amendment or Supplemental Brief, which presented new evidence that allegedly came to light after Mr. Edwards filed his complaint. In the supplemental brief, Mr. Edwards claims that his neighbor, Michael Kudler, admitted responsibility for starting the April 17 fire. According to Mr. Edwards, Mr. Kudler told him that he was going to finish the job of burning down Mr. Edwards's home.

Mr. Bampfield filed a motion to dismiss Mr. Edwards's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). He contends that other than the posting of the notice to Mr. Edwards's door, Mr. Edwards attributes no other alleged conduct to Mr. Bampfield. Mr. Bampfield first argues that no civil remedy for monetary damages exists under 18 U.S.C. §§ 241 and 242 because these are criminal statutes, and Mr. Edwards lacks standing to assert violations of criminal statutes. Second, Mr. Bampfield contends that, liberally construing Mr. Edwards's complaint, Mr. Edwards may be asserting a Fourth Amendment unlawful search claim under 42 U.S.C. § 1983. However, Mr. Bampfield argues that Mr. Edwards fails to state a claim for a Fourth Amendment violation. Finally, Mr. Bampfield argues that Mr. Edwards should not be granted leave to amend his complaint because further amendment would be futile.

## LEGAL STANDARD

The Court notes that Mr. Edwards's *pro se* complaint will be "liberally construed." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . . ." *Id.* (internal quotations omitted) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)). This does not, however, permit the Court to ignore or discount reality. *Perrong v. Victory Phones LLC*, 519 F. Supp. 3d 193, 196 (E.D. Pa. 2021).

2

An action may be dismissed if it "fail[s] to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). At the motion to dismiss stage, the Court must accept factual allegations

as true but need not "accept unsupported conclusions and unwarranted inferences, or a legal

conclusion couched as a factual allegation." *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir.

2007) (internal citations and quotation marks omitted).

## DISCUSSION

### I.   Mr. Edwards Lacks Standing to Allege Violations of 18 U.S.C. §§ 241 and 242

Mr. Edwards alleges that Mr. Bampfield violated 18 U.S.C. § 241 (conspiracy against

rights) and 18 U.S.C. § 242 (deprivation of rights under color of law), both of which are federal

criminal statutes. Mr. Edwards lacks standing to allege violations of 18 U.S.C. §§ 241 and 242

because no private right of action exists under these statutes.[2] *See Cent. Bank of Denver, N.A. v.*

*First Interstate Bank of Denver, N.A.,* 511 U.S. 164, 190 (1994) ("[The Supreme Court] ha[s] been

quite reluctant to infer a private right of action from a criminal prohibition alone . . . ."); *United*

*States v. City of Phila.,* 644 F.2d 187, 191–99 (3d Cir. 1980), *overruled on other grounds by*

*Leatherman v. Tarrant Cnty. Narcotics Intel. & Coordination Unit,* 507 U.S. 163 (1993) (declining

to create a civil remedy under 18 U.S.C. §§ 241 and 242); *Molina v. City of Lancaster,* 159 F.

Supp. 2d 813, 818 (E.D. Pa. 2001) ("[T]he Court deems the Plaintiff's claim for relief pursuant to

18 U.S.C. §§ 241–242 unmeritorious because those statutes do not create a civil cause of action

enforceable by the Plaintiff.").

---

[2]    In prior litigations initiated by Mr. Edwards, the Court has informed Mr. Edwards that no private cause of action exists under 18 U.S.C. §§ 241 or 242 and that Mr. Edwards lacks standing to assert violations of criminal statutes. *See, e.g., Edwards v. Rice-Smith,* 606 F. Supp. 3d 151, 153 n.1 (E.D. Pa. 2022) (citing *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973)); *Edwards v. Hessenthaler,* No. 20-cv-0307, 2020 WL 959289, at *1 n.1 (E.D. Pa. Feb. 27, 2020) ("Mr. Edwards cites various criminal statutes in his Complaint. To the extent he intended to raise claims under those statutes, his claims are dismissed as legally frivolous.").

3

For these reasons, the Court will grant with prejudice Mr. Bampfield's motion to dismiss the complaint relating to the alleged violations of 18 U.S.C. §§ 241 and 242.

## II. Mr. Edwards Lacks Standing to Allege Violations of Pennsylvania Criminal Statutes

Mr. Edwards appears to allege that several Pennsylvania criminal statutes were violated. He avers that "[a]s you can see in ex.7 the number of Pa. laws that are violated here." Compl., at 2. Attached to Mr. Edwards's complaint as Exhibit 7 are Pennsylvania criminal statutes, including 18 Pa. Cons. Stat. § 903 (criminal conspiracy), 18 Pa. Cons. Stat. § 2705 (recklessly endangering another person), 18 Pa. Cons. Stat. § 3301 (arson and related offenses), 18 Pa. Const. Stat. § 3304 (criminal mischief), 18 Pa. Cons. Stat. § 4952 (intimidation of witnesses or victims), and 18 Pa. Const. Stat. § 5301 (official oppression). Ex. 7, Compl.

Mr. Edwards lacks standing to allege violations of these state law criminal statutes for the same reasons that he lacks standing to allege violations of federal criminal statutes. *See, e.g., Schnell v. Bank of N.Y. Mellon*, 828 F. Supp. 2d 798, 804 (E.D. Pa. 2011) (finding that plaintiff in a civil suit could not bring a criminal conspiracy charge under 18 Pa. Cons. Stat § 903 against a bank); *Kovalev v. Walmart Inc.*, No. 22-cv-1217, 2022 WL 16536230, at *6 (E.D. Pa. Oct. 28, 2022) (concluding that there is no civil cause of action under 18 Pa. Const. § 2705); *Hammonds v. Aigeldinger*, No. 20-cv-657, 2021 WL 3022633, at *6 (M.D. Pa. July 16, 2021) ("[O]fficial oppression . . . ha[s] been rejected as [a basis] for civil liability."). So, the Court will grant with prejudice Mr. Bampfield's motion to dismiss the complaint relating to the alleged violations of Pennsylvania criminal statutes.

## III. Mr. Edwards Fails to State a Claim Under 42 U.S.C. § 1983 Relating to a Fourth Amendment Violation

Construing the complaint liberally, as is required, the Court concludes that Mr. Edwards alleges a claim under 42 U.S.C. § 1983 asserting an unlawful search in violation of the Fourth

4

Amendment. "Section 1983 provides a remedy against any person who, under color of state law, deprives another of rights protected by the Constitution." *Collins v. City of Harker Heights, Tex.,* 503 U.S. 115, 120 (1992) (citing 42 U.S.C. § 1983) (internal quotation marks omitted). Only claims of actual deprivations of constitutional rights are cognizable under § 1983. *Holt Cargo Sys., Inc. v. Del. River Port Auth.,* 20 F. Supp. 2d 803, 834 (E.D. Pa. 1998).

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." U.S. Const. amend. IV. The "basic purpose of this Amendment . . . is to safeguard the privacy and security of individuals against arbitrary invasions by governmental officials." *Camara v. Mun. Ct. of City & Cnty. of S. F.,* 387 U.S. 523, 528 (1967). "A Fourth Amendment search occurs either when the Government violates an individual's reasonable expectation of privacy or when the Government obtains information by physically intruding on persons, houses, papers, or effects." *Stone v. Martin,* 720 F. App'x 132, 135 (3d Cir. 2017) (internal citations and quotation marks omitted). "Trespass alone does not qualify [as a search], but there must [also] be . . . an attempt to find something or to obtain information." *United States v. Jones,* 565 U.S. 400, 408 n.5 (2012). Moreover, "[t]he Fourth Amendment prohibits only *unreasonable* searches [and t]he reasonableness of a search depends on the totality of the circumstances, including the nature and purpose of the search and the extent to which the search intrudes upon reasonable privacy expectations." *Grady v. North Carolina,* 575 U.S. 306, 310 (2015).

Mr. Edwards alleges that Mr. Bampfield, along with police officers, trespassed on his property and conducted what he described as an illegal search. Mr. Edwards also alleges that Mr. Bampfield placed a notice on his front door. It is not apparent from the face of Mr. Edwards's complaint whether the purported illegal search was Mr. Bampfield's entry onto Mr. Edwards's

property or whether it was the posting of the notice on his door. However, it is apparent that Mr. Edwards does not allege that Mr. Bampfield entered his house, attempted to enter his house, or engaged in conduct beyond entering the property and taping the notice to his front door.[3]

Mr. Edwards has a reasonable expectation of privacy at least as to his front door. The Supreme Court of the United States has "recognized that the Fourth Amendment protects the curtilage of a house." *United States v. Dunn*, 480 U.S. 294, 300 (1987). The curtilage is the area "immediately surrounding and associated with the home," "is intimately linked to the home, both physically and psychologically, and is where privacy expectations are most heightened." *Florida v. Jardines*, 569 U.S. 1, 6–7 (2013) (internal quotation marks omitted). The Supreme Court has set forth four factors to "defin[e] the extent of a home's curtilage": (1) "the proximity of the area claimed to be curtilage to the home," (2) "whether the area is included within an enclosure surrounding the home," (3) "the nature of the uses to which the area is put," and (4) "the steps taken by the resident to protect the area from observation by people passing by." *Dunn*, 480 U.S. at 301. Because the front door is physically connected to the home, it can be characterized as curtilage. *See Jardines*, 569 U.S. at 7 (concluding that a front porch is within the curtilage). As to the rest of the property, Mr. Edwards fails to allege sufficient facts for the Court to determine whether it can be construed as curtilage to his home such that Mr. Edwards had a reasonable expectation of privacy. The Court does not know, for example, how large Mr. Edwards's property

---

[3]     Mr. Edwards appears to allege that his mailbox was rifled through, or that someone went through his mail. However, Mr. Edwards does not allege that Mr. Bampfield was the individual who engaged in such conduct, nor does he allege that this happened during the April 18 visit to his property. Rather, the exhibit to which Mr. Edwards references in making this factual allegation—Exhibit 3—relates to an incident which occurred on October 22, 2018 where a different code enforcement officer, Sandra Morgan, saw mail lying on the ground near Mr. Edwards's mailbox when she was on his property for a reinspection. The Court cannot construe this allegation as asserting that on April 18, Mr. Bampfield went through Mr. Edwards's mailbox.

is, whether the property is enclosed by a fence, or whether Mr. Edwards has taken steps to prevent people from entering his property. *See Dunn*, 480 U.S. at 301.

Although Mr. Edwards had a reasonable expectation of privacy, at least with respect to his front door, a search did not occur because as alleged, Mr. Bampfield did not intend to obtain information. *Jones*, 565 U.S. at 408 n.5. Mr. Bampfield was on Mr. Edwards's property to post the notice to his front door. He was not there to obtain information from Mr. Edwards, as evidenced by Mr. Edwards's own allegation that he "saw them all leave after the posting." Compl., at 1; *see also Stone v. Martin*, No. 15-cv-1632, 2016 WL 7404607, at *5 (M.D. Pa. Dec. 22, 2016), *aff'd*, 720 F. App'x 132, 135–36 (3d Cir. 2017) (concluding that "a search within the meaning of the Fourth Amendment did not occur" because "there [wa]s no indication that defendant . . . attempted to obtain any information or find something when he entered on the property" and "the record demonstrate[d] that after identifying [the plaintiff], defendant . . . served her with the summons and immediately left the property").

Mr. Edwards fails to allege that Mr. Bampfield deprived him of a constitutionally protected right by conducting an unlawful search of his property in violation of the Fourth Amendment. Because of that deficiency, Mr. Edwards's § 1983 claim fails. *See, e.g., Sweetman v. Borough of Norristown, PA*, 554 F. App'x 86, 89 (3d Cir. 2014) ("[T]he District Court properly concluded that an *attempted* violation of [plaintiff's] Fourth Amendment rights [wa]s not remediable under § 1983, as no actual deprivation of his federally protected rights occurred.").

The Court will grant Mr. Bampfield's motion to dismiss as to the § 1983 claim arising out of the purported unlawful search.[4]

---

[4]     Mr. Bampfield argues that in the event the Court finds an unlawful search in violation of the Fourth Amendment, that (1) his presence on Mr. Edwards's property was privileged because he was a Fire Marshal employee and he was there to conduct a fire investigation, *see Commonwealth v. Ellis*, 549 A.2d 1323, 1326–28 (Pa. Super. Ct. 1988); or (2) he is entitled to qualified immunity as a matter of law because he did

CONCLUSION

For the foregoing reasons, the Court grants Mr. Bampfield's motion to dismiss with prejudice.[5] An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

not violate any clearly established statutory or constitutional rights. *See Pearson v. Callahan*, 555 U.S. 223, 231 (2009). Because the Court concludes that there was no unlawful search, it will not consider these alternative arguments asserted by Mr. Bampfield in his motion to dismiss.

[5]     Leave to amend under Federal Rule of Civil Procedure 15 should be "freely" given where amendment would not be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); Fed. R. Civ. P. 15(a)(2). "Futility means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997) (internal quotation marks omitted). Allowing Mr. Edwards to amend the complaint would be futile because, as set forth above, he lacks standing to allege violations of criminal statutes and he has failed to state a claim for a Fourth Amendment violation because Mr. Bampfield did not conduct a search of Mr. Edwards's property. These shortcomings cannot be cured through an amendment to the complaint, so the Court grant's the motion to dismiss with prejudice.